IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| OMAR NUHAILY,<br><br>                      Plaintiff,<br><br>v.<br><br>KILGORE COMPANIES, LLC, a Delaware Limited Liability Company; DAN MODJESKI, an individual, RANDY GRANGE, an individual, and DOES 1-100<br><br>                      Defendants, | MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS<br><br><br>Case No. 2:20-CV-262 TS-DBP<br><br>District Judge Ted Stewart |

       This matter is before the Court on a Partial Motion to Dismiss by Defendants Kilgore Companies, LLC ("Kilgore"), Dan Modjeski, and Randy Grange. For the following reasons, the Court will deny the Motion to Dismiss.

## I. BACKGROUND

       This case arose out of Plaintiff's employment with Kilgore and its related entities. In approximately December 2017, Plaintiff alleges that he suffered heart failure and was left on short-term disability. A few months later, Plaintiff returned to work, and Kilgore offered Plaintiff a position in Tremonton, Utah. Plaintiff relocated from St. George to Tremonton after accepting Kilgore's offer. When Plaintiff began working, he inquired of Kilgore's human resources department about the company's disability benefits. Plaintiff was allegedly terminated shortly after this inquiry.

       In addition to Plaintiff's termination claims, he also alleges that Defendants' defamatory statements interfered with his ability to obtain future employment. Plaintiff alleges that "[o]n or about April 2, 2020, Defendant Modjeski purposely and maliciously made false statements about

Plaintiff to Defendant Kilgore's Colorado subsidiary's employee, Greg Gilbert ('Mr. Gilbert'), to quash his future employment."[1] Specifically "Defendant Modjeski told Mr. Gilbert words to the effect that Plaintiff had health problems that made him unemployable and that he had acted in bad faith; these statements were false."[2] The parties dispute whether these allegations satisfy Plaintiff's pleading requirements.

## II. STANDARD OF REVIEW

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[3] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[4] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[5] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[6]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[7] As the *Iqbal* Court stated,

> [o]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the

---

[1] *See* Docket No. 11 ¶ 18.
[2] *Id.* ¶ 19.
[3] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).
[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[6] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).
[7] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[8]

### III. ANALYSIS

Utah law requires that defamation claims be pled with a "certain degree of specificity."[9] This typically means that pleadings must allege "more than general, conclusory allegations of defamation."[10] It does not, however, require "complete specificity when, where, to whom, or by whom, the alleged defamatory statements were made . . . ."[11] Utah's specificity requirement is satisfied if allegations "set forth 'the language complained of in words or words to that effect.'"[12] In short, the Court should only dismiss for lack of particularity if the complaint "contains nothing more than general, conclusory allegations of defamation."[13]

These specificity requirements are not unique to Utah. Federal courts have consistently interpreted Fed. R. Civ. P. 8(a) to require that defamation claims be pleaded with particularity so that a defendant has fair notice.[14]

Two cases Defendants rely on effectively illustrate these rules. In *Dennett*, the plaintiff claimed defamation and simply alleged "defendant made, declared, and published to certain persons certain derogatory and libelous statements relating and pertaining to the plaintiff which tended to degrade and discredit him."[15] In upholding the trial court's dismissal, the Utah

---

[8] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).
[9] *Dennett v. Smith*, 445 P.2d 983, 984 (Utah 1968).
[10] *Zoumadakis v. Uintah Basin Med. Ctr., Inc.*, 122 P.3d 891, 893 (Utah Ct. App. 2005).
[11] *Id.*
[12] *Id.* at 892–93 (brackets and ellipses omitted) (quoting *Williams v. State Farm Ins. Co.*, 656 P.2d 966, 971 (Utah 1982)).
[13] *Id.* at 893.
[14] *See McGeorge v. Cont'l Airlines, Inc.*, 871 F.2d 952, 955 (10th Cir. 1989); *Eagle Air Med. Corp. v. Sentinel Air Med. All., LLC*, 2:16-cv-176 TC, 2019 WL 6879252, at *2–4 (D. Utah Dec. 17, 2019).
[15] *Dennett*, 445 P.2d at 984.

Supreme Court reasoned that such allegations lacked specificity to satisfy the letter and spirit of Utah's pleading requirements because it did not afford the defendant notice of specific wrongdoing.[16] Importantly, the court noted that the specificity requirement saves the defendant from the burden of dragging the claim from the plaintiff through the discovery process, let alone the possibility of reaching trial with the plaintiff's claims still "shrouded in mystery."[17]

In *Boisjoly v. Morton Thiokol, Inc.*, the plaintiff alleged that defendants "have consistently and falsely attempted to portray plaintiff as a disgruntled or malcontented employee whose views should be discounted and whose expertise should be doubted."[18] This Court, per the Honorable David K. Winder, concluded that this conclusory allegation failed the particularity requirement because it did not contain a single specific defamatory statement.[19] The plaintiff, however, also pleaded that defendants "falsely alleged that plaintiff was 'impatient' and had attempted to use vendors and other subcontractors in connection with his work on the joints in violation of the contracts between the government and [the defendant.]"[20] The court concluded that because this allegation included statements regarding the plaintiff's impatience and use of vendors and subcontractors, it arguably met *Dennett*'s "words or words to that effect" standard.[21]

Here, Plaintiff's allegations are a far cry from those in *Dennett* and are at least as specific as those in *Boisjoly*. Plaintiff alleges that "[o]n or about April 2, 2020, Defendant Modjeski purposely and maliciously made false statements about Plaintiff to Defendant Kilgore's Colorado subsidiary's employee, Greg Gilbert ('Mr. Gilbert'), to quash his future

---

[16] *Id.*
[17] *Id.*
[18] *Boisjoly v. Morton Thiokol Inc.*, 706 F. Supp. 795, 799 (D. Utah 1988).
[19] *Id.* at 800.
[20] *Id.* at 799.
[21] *Id.* at 800.

employment."[22] Specifically "Defendant Modjeski told Mr. Gilbert words to the effect that Plaintiff had health problems that made him unemployable and that he had acted in bad faith; these statements were false."[23] Taken together, these allegations—similar to the *Boisjoly* plaintiff's second allegation—include specific though not precise statements that Plaintiff's health problems made him unemployable and that he acted in bad faith. This is sufficient notice to Defendants of what statements they must defend themselves against. Unlike the substance-free allegations in *Dennett*, Defendants need not engage discovery to drag out the essence of Plaintiff's allegations. There is also little possibility of reaching trial with Plaintiff's claims "shrouded in mystery." Instead, Defendants know they must defend against certain statements made by Modjeski to Gilbert with words to the effect that Plaintiff's health problems made him unemployable and that he acted in bad faith. The specific phraseology Defendants allegedly used will be borne out in discovery, but Plaintiff's allegations, like those in *Boisjoly*, meet the specificity requirements at this stage.

## IV. CONCLUSION

It is therefore

ORDERED that the Partial Motion to Dismiss (Docket No. 21) is DENIED.

DATED June 29, 2020

BY THE COURT:

Ted Stewart
United States District Judge

---

[22] *See* Docket No. 11 ¶ 18.
[23] *Id.* ¶ 19.